UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Danya O.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 2:22-cv-00383-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This matter is before the Court on the parties' consent and on plaintiff's complaint. *See* Dkts. 1, 3. The matter has been fully briefed. *See* Dkts. 9, 13, 14.

This is plaintiff's second time before a district court seeking review of the denial of her benefits. Plaintiff is 54 years old with prior work experience as a telemarketer, forensics laboratory technician, and computer system analyst, who claims she cannot work due to her impairments, which include obesity, fibromyalgia, and lumbar degenerative disc disease. The Administrative Law Judge (ALJ) found that plaintiff was not disabled during the relevant period

because she was capable of performing her past relevant work. However, in finding plaintiff not disabled, the ALJ repeated the same errors that were the subject of a previous remand by a district court. Notably, the ALJ erroneously rejected the medical opinion from plaintiff's examining physician, Richard Jimenez, M.D., which concludes that plaintiff has several limitations that prevent her from maintaining a full time job.

The parties agree that this case should be remanded for a second time because the ALJ erred in weighing the medical opinion evidence. However, the parties disagree on whether the remand should be for an award of benefits or for further proceedings. After considering and reviewing the record, the Court concludes that it is fully developed. The record is over 2,700 pages long and has been before an ALJ twice. Sending the case back to give an ALJ another opportunity to reject the medical evidence is not a useful purpose. Further, if the improperly rejected evidence is credited as true, an ALJ would have to find plaintiff disabled on remand. Dr. Jimenez's opinion establishes that plaintiff's impairments would cause her to miss work more than four days per month, which the Vocational Expert (VE) testified would not be acceptable to an employer.

Accordingly, the Court exercises its discretion to reverse and remand this case for an award of benefits.

**BACKGROUND**

Plaintiff's application for disability insurance benefits (DIB) pursuant to 42 U.S.C. § 423 (Title II) was denied initially and following reconsideration. *See* Administrative Record (AR) 1749. Plaintiff's requested hearing was held before ALJ Ilene Sloan on May 9, 2018. *See* AR 1812–49. On December 4, 2018, ALJ Sloan issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR 1749–64.

1     On November 23, 2019, plaintiff filed a complaint in this district seeking judicial review
2 of the ALJ's written decision. *See* AR 1775–79. On February 3, 2021, United States Magistrate
3 Judge Theresa L. Fricke issued an order finding that the ALJ (1) erred in rejecting the medical
4 opinions of Dr. Jimenez and Christina Casady, OTR/L, while assigning greater weight to non-
5 examining medical consultants, (2) did not provide clear and convincing reasons for rejecting
6 plaintiff's subjective symptom testimony, (3) failed to provide germane reasons for rejecting lay
7 testimony, and (4) failed to incorporate limitations in the hypothetical posed to the vocational
8 expert. *See* AR 1787–1806. Judge Fricke remanded plaintiff's claim for further proceedings. *See*
9 *id.*

10     On November 9, 2021, a second hearing took place with a new ALJ—Timothy
11 Mangrum. *See* AR 1723–45. On January 19, 2022, ALJ Mangrum issued a second written
12 decision in which he concluded that plaintiff was not disabled pursuant to the Social Security
13 Act. *See* AR 1704–16. Plaintiff returned to federal court and filed a complaint seeking judicial
14 review of the new ALJ's written decision on March 29, 2022. *See* Dkt. 1. Defendant filed the
15 sealed administrative record ("AR") regarding this matter on May 27, 2022. *See* Dkt. 7. The
16 Court notes that plaintiff has changed names since the last time this matter was before the district
17 court, which accounts for certain name and pronoun discrepancies in the record. *See* Dkt. 1 at 2.

18                 **DISCUSSION**

19     Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of
20 social security benefits if the ALJ's findings are based on legal error or not supported by
21 substantial evidence in the record as a whole. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1
22 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Plaintiff raises the
23 following issues in her opening brief: (1) whether the ALJ erred in rejecting medical opinion
24

evidence; (2) whether the ALJ erred in rejecting plaintiff's subjective symptom testimony; (3) whether the ALJ erred in rejecting lay witness testimony; (4) whether the ALJ's RFC determination was erroneous; and (5) whether an immediate award of benefits is the appropriate remedy in this matter. *See* Dkt. 9. Defendant agrees that the ALJ committed reversable error. *See* Dkt. 13. However, the parties disagree as to the manner of remand. *See* Dkts. 13, 14. Therefore, the only issue left for this Court to decide is whether this matter should be remanded for further proceedings or an immediate award of benefits.

**I.      Legal Standard**

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). When an ALJ errs, the proper course is to remand for further administrative proceedings "except in rare circumstances." *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Even if all three steps are satisfied, courts have discretion to remand for further proceedings if there is serious doubt that a plaintiff "is, in fact, disabled." *See Garrison*, 759 F.3d at 1021.

///

///

**A.  Development of the Record**

In the first step of the analysis, the Court must determine whether the record has been fully developed such that further administrative proceedings would serve no useful purpose. The Court is mindful that this case has already been remanded for further proceedings once and the ALJ failed to remedy the deficiencies identified the Court. Simply providing another opportunity for an ALJ to assess improperly evaluated evidence does not qualify as a remand for a "useful purpose." *Garrison*, 759 F.3d at 1021–22 (citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.")).

Defendant argues that this case should not be remanded for an award of benefits because the record contains evidentiary conflicts regarding the medical opinion evidence that need to be resolved through further proceedings. *See* Dkt. 13 at 3. Specifically, defendant argues that the opinions prepared by examining physician Richard Jimenez, M.D., and Christina Casady, OTR/L, M.Ed., are contradicted by opinions from non-examining medical consultants and a statement made by a nurse. *See id.* The Court rejects this argument for two reasons.

First, the ALJ gave no weight to the medical opinions that defendant relies on, *see* AR 1714, and neither party has alleged that the ALJ erred in this respect. Second, even if the non-examining medical consultants' opinions were credited, the Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion [of] an examining physician." *Pilgreen v. Berryhill*, 757 F. App'x 618, 620 (9th Cir. 2019) (internal quotations and citations omitted).[1] The same reasoning applies

---

[1] The Administration has amended regulations for evaluating medical evidence, but the amended regulations apply only to claims filed on or after March 27, 2017, and therefore are not relevant to this case. *See* 20 C.F.R. §§ 404.1527, 416.927 (applicable to claims filed before March 27, 2017); 20 C.F.R. §§ 404.1520c, 416.920c (applicable to claims filed after March 27, 2017).

to the unexplained checkbox statement made by the nurse. *See* AR 1303. The Court sees no useful purpose in remanding the case back for an ALJ to assess discrepancies with medical opinions and statements that cannot justify the rejection of Dr. Jimenez's medical opinion. Any discrepancies that exist between the opinions are not significant enough to require further administrative proceedings. *See Trevizo*, 871 F.3d at 683 (concluding that the record was fully developed despite the existence of a conflicting opinion by a reviewing doctor).

Defendant also presents a cursory argument that Dr. Jimenez and Ms. Casady's opinions are extreme when compared to other evidence in the record, such as plaintiff's activities of daily living. *See id.* at 4. However, Judge Fricke already addressed this issue and found that plaintiff's activities of daily living did not necessarily conflict with Dr. Jimenez's opinion. *See* AR 1793. The fact that a new ALJ could not cure the defects identified by Judge Fricke indicates that the record is fully developed in that regard.

Finally, defendant argues that further proceedings are required because Dr. Jimenez and Ms. Casady examined plaintiff after the date of last insured without explaining the basis for their retroactive opinions. *See* Dkt. 13 at 4 (citing *Tidwell*, 161 F.3d at 602). The Ninth Circuit has made clear that medical reports made after the period of disability are relevant to assess a claimant's disability and should not be disregarded solely on the basis that they are rendered retrospectively. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). The Court notes that the Ninth Circuit has explained that the opinion of a physician who examined a claimant after his insured status expires "is entitled to less weight than the opinion of a [doctor] who completed a contemporaneous exam." *Macri v. Chater,* 93 F.3d 540, 545 (9th Cir. 1996). However, defendant does not point to a contradicting medical opinion from a physician that examined plaintiff during the relevant period. Defendant relies on *Tidwell* for support, but the Ninth Circuit in *Tidwell*

affirmed the rejection of a medical opinion because the physician examined the claimant after the date of last insured *and because it was contradicted by another examining physician's opinion*. *See* 161 F.3d at 601–02. The facts of that case are distinguishable from this matter.

Defendant also appears to repeat the same argument made in the previous proceedings by arguing that an ALJ could find that certain testimonial evidence shows that plaintiff's condition worsened after the relevant period, which would call Dr. Jimenez's opinion into doubt. *See* Dkt. 13 at 4. However, Judge Fricke already rejected that argument. *See* AR 1792 ("Besides the selectively quoted fragments of lay witness testimony laid out in the Commissioner's brief, there is no evidence that Plaintiff's condition changed to the extent that it would render Dr. Jimenez's opinion not probative."). The Court sees no reason to depart from that determination.

Accordingly, the Court concludes that the record has been fully developed and further administrative proceedings would serve no useful purpose.

### B. Legal Error

In step two, the Court must determine whether the ALJ failed to provide legally sufficient reasons for rejecting the medical opinion evidence. Here, the parties agree that the ALJ committed legal error. *See* Dkts. 9, 13, 14. Upon review of the relevant record, the Court also concludes that the ALJ committed the same errors that Judge Fricke previously identified, especially regarding the ALJ's rejection of Dr. Jimenez's medical opinion.

### C. Finding of Disability

The final step in the analysis requires the Court to determine whether the improperly discredited evidence, if credited as true, would require a finding that plaintiff is disabled on remand. Dr. Jimenez issued a medical source statement in which he assessed several limitations in plaintiff's ability to work due to his impairments. *See* AR 1331. Specifically, Dr. Jimenez

concluded that if plaintiff was placed in a competitive work situation, she would need more than two unscheduled breaks per day, would be incapable of tolerating "low stress" work, and would be absent more than four days per month. AR 1331–34. The VE testified that employers would not accept even one absence per month and that "extra breaks would not be acceptable in competitive employment on a consistent basis." *See* AR 1740–41. Therefore, if Dr. Jimenez's opinion is credited as true, plaintiff would need to be found disabled.

In rare instances, when all three credit-as-true factors are met but the record as a whole still leaves doubts as to whether the claimant is actually disabled, remand for further development of the record is warranted. *See Trevizo*, 871 F.3d at 683 n.11. Defendant cites to plaintiff's activities of daily living, such as looking for work and going to Disneyland, to suggest that plaintiff was not disabled during the relevant period. *See id.* However, Judge Fricke already concluded that plaintiff's activities were not as robust as defendant suggests. *See* AR 1793. Specifically, Judge Fricke noted that plaintiff's involvement in organizations "was limited in both exertional level and duration by [her] symptoms" and that plaintiff's travel did not necessarily contradict evidence of disability because it is unclear what kind of activities plaintiff engaged in during her travel or how the travel exacerbated her fatigue. *See id.* She also noted that plaintiff was in bed for two days after going to Disneyland where she only got on gentle rides and would sit on bench while the children would go have fun. *See id* at 67–68, 1801.

The Court notes that the Ninth Circuit has highlighted the persistent misunderstanding of fibromyalgia, which includes symptoms that wax and wane, and that medical evidence must be construed "in light of fibromyalgia's unique symptoms and diagnostic methods . . . ." *Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017). Further, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v.*

*Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)). The Ninth Circuit has consistently held that activities of daily living should not be used against a plaintiff unless they show that the plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cit. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The Court does not find any of the evidence cited by defendant as inconsistent with Dr. Jimenez's assessment that plaintiff would need more than two unscheduled breaks per day and would be absent more than four days per month.

Accordingly, the Court sees no basis for serious doubt in the record that plaintiff was disabled during the relevant period.

### D. Exceptional Circumstances

Exceptional circumstances weigh in favor of exercising the Court's discretion to remand this case for an award of benefits. Plaintiff has been waiting for almost six years for her disability determination and further proceedings would only delay that longer. *See* AR 171; *See Smolen* 80 F.3d at 1292 (exercising its discretion to remand for a determination of benefits after the plaintiff had waited over seven years for a disability determination).

### CONCLUSION

The Court orders that this matter be reversed and remanded for the calculation and award of benefits. Judgment should be for plaintiff and the case should be closed.

Dated this 12th day of October, 2022.

J. Richard Creatura
Chief United States Magistrate Judge